## CIRCUIT COURT OF HENRICO COUNTY

Jo Anna Bates

    v.

Roy B. Bates

December 29, 1982

Case No. A-1487

By JUDGE E. BALLARD BAKER

This case involves the custody of Judy Jo Bates, born April 11, 1968, and Fred Edward Bates, born October 11, 1971, children of Jo Anna Street Bates and Roy Bates.

The Bates were divorced on June 8, 1982, at which time proceedings with respect to custody were pending in the Juvenile Court. After a hearing on June 24, 1982, that Court left custody of both children with the mother, Jo Anna, and provided for visitation with the father. The father appealed on July 2, 1982.

This Court heard the appeal on December 20, 1982. Both parents testified along with witnesses supporting each, and the Court heard testimony, and received reports, from Randi Buerlein, a Mental Health Clinician with the Henrico Area Mental Health, and Angie Koziara, a Social Worker with the Henrico Department of Social Services. In addition, the Court talked with each child in the presence of counsel, but not the parents, in chambers.

At the time of the December 20 hearing Judy Jo was living with her father, despite the Juvenile Court order of June 24. She left the home of her mother on September 24, 1982, and moved into the apartment of her father. Fred remains with his mother. There is a third child, Roy Bates, II, now 19 years old, who also lives with his father.

Neither parent has remarried.

Virginia has long followed the rule expressed in *Mullen* v. *Mullen*, 188 Va. 259, 269, 49 S.E.2d 349 (1948):

> In Virginia, we have established the rule that the welfare of the infant is the primary, paramount and controlling consideration of the court in all controversies between parents over the custody of their minor children. All other matters are subordinate. (188 Va. 269).

The evidence in this case does not support a finding that either parent is unfit, or that the physical conditions in either home are inadequate. The issue is solely the nature of the custodial care which the parents can give.

On the issue of custodial care, it is significant to this Court that both Judy Jo and Fred have expressed a desire to be in the custody of their father. The parents have been told this by the children; Randi Buerlein and Angie Koziara reported this also. This desire has been firmly stated.

Jo Anna Bates says the attitude of the children against her has been cultivated by the actions of Roy Bates; that he has aggressively sought to undermine her influence and standing with the children. The reports of Randi Buerlein and Angie Koziara do not support these allegations. Their reports attribute the preference to other things, absence of the mother from the home, less involvement in their activities, an active social life.

Mrs. Bates denies that these things are true, but does acknowledge that her relationship with their two children is not as good as she would like. Judy Jo's moving to her father on September 24 is very significant evidence of that.

Roy Bates appears almost obsessively involved with the children and their activities. Whether this involvement has as its goal the undermining of Jo Anna with the children or a genuine interest in and concern for the children can be argued; however, it has not been shown that his concern is improperly motivated.

This is not a case for the tender year inferences. Judy Jo will be 15 next April; Fred turned 11 in October.

In considering what is in the best interests of the children, the wishes of the children, if they are of the age of discretion, should be given weight but are not conclusive. *Hall* v. *Hall*, 210 Va. 668 (1970), citing *Forbes* v. *Haney*, 204 Va. 712, 133 S.E.2d 533 (1963); *Lawson* v. *Lawson*, 198 Va. 403, 94 S.E.2d 215 (1956), *Lawson* cites *Hepler* v. *Hepler*, 195 Va. 611, 79 S.E. 742 (1954), in which children were allowed to testify to their preference, with the preference being a factor to be considered. In these cases, the age of the children ranged from 13 down to 10 in cases in which the children testified and their preferences considered. *Lawson* involved, among other issues, the refusal of the trial court to hear from the children ages 10 and 9, as to their preference; this was held not to be in error.

An annotation found in 4 ALR 3d 1396 states the following:

> [I]t appears that many courts have recognized that when a child is of sufficient age, intelligence, and discretion to exercise an enlightened judgment, based upon facts not whims, as to its future welfare, its wishes will be one factor considered by the court in determining its custody, usually not because of any legal right in the child to have its wishes granted, but because the consideration of such wishes will aid the court in making a custodial decree which is for the best interests and welfare of the child. (4 A.L.R. 3d 1399, 1400).

Having talked with these children, separately and in the presence of counsel, this Court is satisfied that each is of sufficient age, intelligence and discretion to state a preference which should be considered. This is particularly so with respect to Judy Jo because of her age. While Jo Anna Bates maintains that the reasons they give for their preference are not correct, this is disputed.

These children have a strong preference for their custody to be with the father, Roy Bates. It has not been shown that their preference is based on whim or any improper influence. The preference persists.

In the judgment of this Court, the interests of each child is best served by giving custody to the father. The children should not be separated; they should be together. Nothing in the evidence presented supports a finding that one parent is a better person or more loving parent than the other. However, for reasons not shown to be invalid, it appears to this Court that there is a firm preference for the father, that this preference affects the relationship between each child and each parent and that the interest of each child is best served by placing custody with the father, with reasonable visitation to the mother. Hopefully, counsel can agree on visitation. If not, each should advise of the desires of his client and an appropriate provision will be included in the order.

Reports from Randi Buerlein and Angie Koziara suggest counseling for the parties. Court ordered counseling, as distinguished from voluntary counseling, is not always satisfactory; however, this Court will direct that Roy Bates and the children contact the Henrico Mental Health Services and consider the advice received from such contact as to future counseling or therapy. This contact should be within thirty days of the effective date of the custody transfer which will be January 15, 1983.